UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETE TITTL et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>HILTON WORLDWIDE, INC., et al.,<br><br>        Defendants. | Case No.: 1:12-cv-02040 - LJO - JLT<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR A CHANGE OF VENUE<br><br>(Doc. 20) |

Defendants Hilton Worldwide, Inc. and Hilton Reservations Worldwide, LLC ("Defendants" or "Hilton") seek a change of venue to the Central District. (Doc. 20 at 1). Plaintiffs Pete Tittl and Ryan Bohlim ("Plaintiffs") filed their opposition on February 27, 2013 (Doc. 25), to which Defendants filed a reply on March 6, 2013 (Doc. 26). On March 13, 2013, the Court heard oral arguments of the parties. At that time, the Court's tentative ruling was to deny the motion and stay the action. However, after further reflection, review of the case authority and review of the Local Rules of the Central District, the Court reverses itself. Therefore, for the following reasons, Defendants' motion is **GRANTED**.

I.    <u>**Factual and Procedural History**</u>

    Rick Young initiated an action against Hilton Worldwide, Inc., and Hilton Reservations

Worldwide, LLC by filing a complaint in Los Angeles Superior Court on January 27, 2012.[1] (Doc. 19-1 at 1). The defendants removed the action to the Central District, where the court granted their motion to dismiss the complaint. (Doc. 19-2 at 1; *Young v. Hilton*, Case No. CV12-1788 R (PJWxx), 2012 U.S. Dist. LEXIS 84163 (C.D. Cal. June 18, 2012)). The court found Young was unable to state a claim under Cal. Penal Code § 632 because he "had no objectively reasonable expectation that his conversation with the 1-800 HAMPTON number would not be overheard or recorded." Accordingly, the complaint was dismissed with prejudice on June 18, 2012. *Id.*

On October 17, 2012, Pete Tittl initiated this class action in the Kern County Superior Court by filing a complaint against Defendants in Case No. S-1500-CV- 277927 SPC. (Doc. 1, Exh. A). He alleged Defendants illegally recorded his telephone conversations and were liable for violations of Cal. Penal Code §630 and Cal. Bus. & Prof. Code § 17200. *Id.* In addition, Mr. Tittl filed a "Notice of Related Case" with the complaint, identifying *Young v. Hilton Worldwide, Inc.* as an action "involving the same parties and . . . the same or similar claims." (Doc. 1-1 at 24). On December 14, 2012, Defendants filed a notice of removal, thereby commencing the action in this Court. (Doc. 1).

Plaintiffs filed a First Amended Complaint on January 11, 2013, identifying Ryan Bohlim as an additional plaintiff and alleging Defendants were also liable for illegal cellular and cordless conversation recording pursuant to Cal. Penal Code § 632.7. (Doc. 15). According to Plaintiffs, "Hilton has engaged in a pattern and practice of recording and/or eavesdropping on . . . confidential telephone conversations and conversations on cellular phones between Hilton representatives and persons with whom those representatives speak to on the telephone . . . in violation of California Penal Code sections 632 and 632.7." *Id.* at 7.

On February 1, 2013, Defendants filed a motion to dismiss the complaint for failure to state a claim (Doc. 17) and a motion to change venue to the Central District of California or, in the alternative, to stay the action (Doc. 20). To maximize the Court's limited resources, the Court declined to take action on the motion to dismiss pending the outcome of Defendant's motion to change

---

[1] Judicial notice may be taken of "undisputed matters of public record, including documents on file in federal or state courts." *Harris v. County of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (internal citation omitted). Accordingly, judicial notice is taken of the complaint filed in *Young v. Hilton*, and related court documents.

venue, which is now before the Court. (Doc. 24)

## II. Legal Standard

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil matter to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The Supreme Court explained the § 1404(a) analysis should be an "individualized, case-by-case consideration of convenience and fairness." *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964). Accordingly, courts consider several factors, including:

> (1) plaintiff's choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation with other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time of trial in each forum.

*Williams v. Bowman*, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001) (citing *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986)); *see also Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000). Further, the Court may consider "administrative difficulties flowing from court congestion and [the] local interest in having localized controversies decided at home." *Decker Coal*, 805 F.2d at 843.

The party seeking a change of venue has the burden to demonstrate the transfer is appropriate. *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979). Whether to grant a change of venue is within the discretion of a district court. *See Ventress v. Japan Airlines*, 486 F.3d 1111, 1118 (9th Cir. 2007) (explaining the determination of venue "involves subtle considerations and is best left to the discretion of the trial judge").

## III. Discussion and Analysis

### A. Convenience of the parties

Evaluating the parties' convenience, the Court considers Plaintiffs' choice of forum, the parties' contacts with the forum, and the contacts relating to Plaintiffs' claims in the chosen forum. *Jones v. GNC Franchising*, 211 F.3d 495, 498-99 (9th Cir. 2000), *cert. denied,* 531 U.S. 928 (2000).

As an initial matter, Plaintiffs and defendant disagree over the amount of weight that should be given to the plaintiffs' choice of forum. The Ninth Circuit explained the Court "must balance the preference accorded plaintiff's choice of forum with the burden of litigating in an inconvenient

forum." *Jones*, 211 F.3d at 498.  In general, a plaintiff's choice of forum is given substantial weight, because courts attach a "strong presumption in favor of [the] plaintiff's choice of forum." *Piper Aircraft v. Reyno* 454 U.S. 235, 255 (1981); *Decker Coal*, 805 F.2d at 843.  However, the deference accorded to a plaintiff's choice of forum may be lessened in a class action.  *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987).

Defendants argue Plaintiffs are "entitled to little deference" for their choice of forum in this matter. (Doc. 21 at 11).  According to Defendants,

> Although a plaintiff's choice of forum is given significant weight in single plaintiff cases, this is not true in class actions where the putative class members are widespread and have no particular tie to the chosen forum."  *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987) ("when an individual brings a derivative suit or represents a class, the named plaintiff's choice of forum is given less weight"); *Wiley*, 2005 WL 1910934 at *2 ("the plaintiff's choice of forum receives less deference when the plaintiff brings a purported class action."); *Wireless Consumers*, 2003 WL 22387598 at *3 ("The weight accorded a plaintiff's choice of forum is greatly reduced when he sues in a representative capacity."); *Hoefer v. U.S. Dept. of Commerce*, No. C00 0918, 2000 WL 890862 at *2 (N.D. Cal Jun. 28, 2000) (noting in a putative class action that "the members of the purported class are numerous and are located throughout the nation" and therefore "[t]he plaintiff's choice of forum . . . is not given substantial weight when determining whether a transfer of venue is proper."); *Walker v. Discover Fin. Servs. Inc.*, No. C 10-3013 SI, 2010 WL 4269193 at *3 (N.D. Cal. Oct. 25, 2010) ("a plaintiff's choice of forum is entitled to less deference where, as here, the case is brought as a nationwide class action lawsuit.").

*Id.*  Because Plaintiffs' proposed class includes individuals "spread throughout the state and [who] have no particular tie to the chosen forum," Defendants conclude Plaintiffs' decision to file the action in the Eastern District "is an insufficient reason" to prevent the change of venue.  *Id.* at 11-12.

On the other hand, Plaintiffs contend their choice of forum "should be afforded great weight in determining the proper forum for this action." (Doc. 25 at 11).  Plaintiffs argue that "the authorities on which Hilton relies are distinguishable" from the facts now before the Court.  *Id.*  According to Plaintiffs, "other cases have held that the choice of forum by a plaintiff representing a nationwide class was still entitled to deference and weighs against transfer." *Id.* (citing *e.g., David v. Alphin*, No. C 06-04763 WHA, 2007 U.S. Dist. LEXIS 3095, at *8 (N.D. Cal. Jan. 4. 2007)).  Further, Plaintiffs contend their choice of forum is entitled to deference because Mr. Tittl chose his home forum.  *Id.* (citing *Piper Aircraft Co.*, 454 U.S. at 256).

4

In *Lou*, the Ninth Circuit explained that the choice of forum is "given less weight" "when an individual brings a derivative suit or represents a class." *Id.*, 834 F.2d at 739. The Ninth Circuit instructed: "In judging the weight to be accorded [the plaintiff's] choice of forum, consideration must be given to the extent of both [the plaintiff's] and the [defendant's] contacts with the forum, including those relating to [the plaintiff's] cause of action." *Id.* (citing *Pacific Car & Foundry Co. v. Pence*, 403 F.2d 949, 954 (9th Cir. 1968)). A plaintiff's choice "is entitled to only minimal consideration" if the Court finds "the operative facts have not occurred within the forum and the forum has no interest in the parties or subject matter." *Id.*

Here, the case was filed originally in Kern County Superior Court, which is encompassed within the Eastern District. (Doc. 1-1; Doc. 25 at 12). Plaintiffs allege, "On several occasions in 2011, and most recently in July of 2001, Plaintiff Pete Tittl contacted Hilton through Hilton's 1-800-HAMPTON telephone number from his residence in Bakersfield, California either via his home telephone or cellular telephone." (Doc. 15 at 8). In addition, Plaintiffs have established contact with the Eastern District, while Defendants acknowledge they "have no greater connection to the Eastern District of California than to the Central District." (Doc. 21 at 12). Thus, this is not an action where all the operative facts occurred elsewhere, or where the forum has no interest in the parties or subject matter. Consequently, Plaintiff's choice of forum is entitled to slightly more than minimal consideration, and the convenience of the parties weighs against a transfer of venue. *See Lou,* 834 F.2d at 739.

**B.     Convenience of the witnesses**

Convenience for witnesses is one of the most important factors in the determination of whether to grant a change of venue. *Los Angeles Memorial Coliseum Comm'n v. Nat'l Football League*, 89 F.R.D. 497, 501 (C.D. Cal. 1981). A transfer of venue "may be denied when witnesses either live in the forum district or are within the 100-mile reach of the subpoena power" because individuals cannot be compelled to testify when they reside beyond the boundaries of the Court's subpoena power." *Id.* at 501 (citing Fed. R. Civ. P. 45(e); *U.S. Industries, Inc. v. Procter & Gamble Co.*, 348 F. Supp. 1265 (S.D.N.Y. 1972)). Consequently, to show inconvenience for witnesses, "the moving party should state the witnesses' identifies, locations, and content and relevance of their testimony." *Meyer Mfg. Co.*

*Ltd. v. Telebrands Corp.*, 2012 WL 1189765 at *6 (E.D. Cal. 2012) (citing *Florens Container v. Cho Yang Shipping*, 245 F. Supp. 2d 1086, 1092-93 (N.D. Cal. 2002); *see also E. & J. Gallo Winery v. F. & P. S.p.A.,* 899 F. Supp. 465, 466 (E.D. Cal. 1994) ("[a]ffidavits or declarations are required to identify key witnesses and a generalized statement of their anticipated testimony").

      Defendants argue "the convenience of witnesses weighs heavily in favor of transfer." (Doc. 21 at 12). According to Defendants, "<u>all</u> the witnesses" in this action will overlap with the witnesses in *Young*. *Id.* at 5 (emphasis in original). Defendants assert, "[S]hould the Ninth Circuit reverse the dismissal in *Young*, Hilton's out-of-district witnesses will need to provide testimony in *Young*, [and] ... will be inconvenienced if this case proceeds in this district and discovery is taken in both actions. *Id.* at 12. Specifically, Defendants assert their person most knowledgeable will come from one of the three call centers, which are located in Texas, Florida, and the Philippines. (Doc. 21 at 12; Doc. 22, Agliata Decl. ¶ 4).

      In response, Plaintiffs contend the convenience of Defendants' witness should not be given much weight "because the witnesses are employees of the party seeking transfer, and Defendants will be able to compel their testimony at trial." (Doc. 25 at 15) (citing *Jaco Envtl., Inc. v. Appliance Recycling Centers of America, Inc..*, 2007 U.S. Dist. LEXIS 27421, at *10 (N.D. Cal. Mar. 27, 2007)). Plaintiffs contend the witnesses identified by Defendants "have no greater connection to the Central District of California than to the Eastern District." *Id.*

      Notably, Defendants have not carried their burden to "identify relevant witnesses, state their location and describe their testimony and its relevance" to demonstrate inconvenience of witnesses. *Williams v. Bowman*, 157 F. Supp. 3d 1103. 1108 (N.D. Cal. 2001); *see also E. & J. Gallo Winery,* 899 F. Supp. at 466. Rather, Defendants postulate that the person most knowledgeable will come from out-of-state to testify, and that *if* the Ninth Circuit remands *Young,* the person most knowledgeable will be required to provide testimony in two locations. This possibility is insufficient to demonstrate an inconvenience for witnesses. *See Florens*, 245 F. Supp. 2d at 1093 ("The party seeking a transfer cannot rely on vague generalizations as to the convenience factors"). Further, as Plaintiffs argue, Defendants' employees are not third-party witnesses, and Defendants would be able to compel their testimony. It is "the convenience of non-party witnesses, rather than that of employee witnesses…,

6

that is the more important factor and is accorded greater weight." *Gundle v. Fireman's Fund Insurance Co.*, 844 F. Supp. 1163, 1166 (S.D. Tex. 1994). Finally, if the witnesses are, indeed, forced to travel from out-of-state, there is no showing that travel to the Eastern District is somehow more burdensome that travel to the Central District. Thus, Defendants have not demonstrated witnesses would suffer inconvenience, and this factor does not support a change in venue.

### C. Interest of Justice

"Consideration of the interest of justice, which includes judicial economy, may be determinative to a particular transfer motion, even if the convenience of the parties and witnesses might call for a different result." *Regents of the University of California v. Eli Lilly and Co.*, 119 F.3d 1559, 1565 (Fed. Cir. 1997) (citation omitted). Evaluating the interest of justice, Court considers the ease of access to evidence; familiarity of the forums with the applicable law; and the differences in litigation in each forum, including court congestion and time of trial. *Burke v. USF Reddaway, Inc.*, 2013 U.S. Dist. LEXIS 3074, at *15 (E.D. Cal. Jan. 8, 2013) (citing *Jones*, 211 F.3d at 498-99). Also, the Court may consider the existence of a pending related action in the forum to which transfer has been proposed. *Amazon.com v. Cendant Corp.*, 404 F.Supp.2d 1256, 1259 (W.D. Wash. 2005).

#### a. Ease of access to evidence

Defendants have not identified any evidence that is located in the Central District. However, Plaintiffs assert they "will likely have proof located near their residences, in or near the Eastern District." (Doc. 25 at 16). As Defendants note, "telephone records will likely need to be subpoenaed from [Plaintiff's] providers, which will be equally convenient" in the Central District. (Doc. 26 at 10). Therefore, this factor weighs only slightly against transfer to the Central District.

#### b. Pendency of a related action

According to Defendants, "The existence of a related case in the Central District weighs heavily in favor of transferring venue because of judicial efficiencies inherent in having similar cases before the same court." (Doc. 21 at 9) (citing *A. J. Indus., Inc. v. U.S. Dist. Court for Cent. Dist. of California*, 503 F.2d 384, 389 (9th Cir. 1974)). Defendants assert that "Allowing this case to proceed in the Eastern District would cause wasteful duplication of judicial effort and time" because cases are "essentially identical." (Doc. 21 at 10). Specifically, Defendants observe:

7

> The putative classes are virtually the same. The defendants are the same. The legal claims are the same. Both putative class actions allege virtually the exact same conduct in violation of Cal. Penal Code § 630 et seq. The sole issue that this case presents—whether Hilton's alleged practice of recording telephone calls to its call center violates Cal. Penal Code § 630 et seq.—was already at issue and was already decided in Young. *Wireless Consumers*, 2003 WL 22387598 at *5 (holding that even though the named plaintiffs on two cases were different, the fact that they brought actions on behalf of the same classes of individuals made the parties in both cases identical). Finally, both parties seek the same remedial relief—statutory penalties under Cal. Penal Code § 637.2.

*Id.* Defendants contend that because a motion to dismiss was sustained in *Young*, a change in venue to the Central District "is especially warranted." *Id.* at 10.

On the other hand, Plaintiffs argue "*Young* is not an active case and has been terminated" in the Central District, and "there is no risk of duplicative litigation here since *Young* is not being litigated at all." (Doc. 25 at 7). Plaintiffs note the cases cited by Defendant "all . . . had active related litigations pending before the transferee forum, unlike the instant action." *Id.*

The Supreme Court explained: "To permit a situation in which two cases involving precisely the same issues *are simultaneously pending* in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent." *Cont'l Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26 (1960) (emphasis added). Thus, the Ninth Circuit has determined that "the pendency of an action in another district is important because of the positive effects it might have in possible consolidation of discovery and convenience to witnesses and parties." *A. J. Indus.*, 503 F.2d at 389.

As Defendants acknowledge, *Young* was terminated in the Central District after Judge Real granted a motion to dismiss, and the case is now pending before the Ninth Circuit Court of Appeals. Defendants cite *Reiffin v. Microsoft Corp.*, 104 F.Supp.2d 48, 55 (D.D.C. 2000), in support of their argument that the potential of *Young* to return to the Central District supports a transfer of this action. In *Reiffin*, the United States District Court of the District of Columbia noted the defendant sought to transfer the case to the plaintiff's home forum of the Northern District of California where a prior action had been litigated involving the same plaintiff and same defendant. *Id.* at 52. The court observed that "[m]uch of the complaint re-argues points which Mr. Reiffin made (or could have made) in the California proceeding," and the plaintiff had appealed the decision of the Northern District. *Id.* at 54-55. Thus, the court found the circumstances weighed in favor of a transfer of venue to the Northern District because, if the first action was remanded, the plaintiff "would have closely related claims

pending in two different districts at once." *Id.* at 55.  Likewise, in *Univ. of Pittsburgh of Commonwealth Sys. of Higher Educ. v. Varian Med. Sys., Inc.*, 2008 WL 4279704 (N.D. Cal. Sept. 16, 2008), the parties in the earlier-filed case and the one in which the motion for change of venue was filed were identical.

Significantly, in this case, Plaintiffs were not parties in *Young*, though, presumably fall within in the putative class description in that case.  Thus, unlike *Reiffin* and *Univ. of Pittsburgh*, the parties are not the same as in the prior litigation in another district.  While the proposed class is similar, no class has been certified in either action.

Likewise, in *Wireless Consumers Alliance, Inc. v. T-Mobile USA, Inc.,* 2003 WL 22387598 (N.D. Cal. Oct. 14, 2003), in the earlier case filed in the Central District, two mobile service customers brought a class action lawsuit complaining about certain provisions in the subscription agreements.  *Id.* at 1.  When this matter was stayed after the court granted a motion to compel arbitration, the instant action was filed in the Northern District by a consumer advocacy group raising the same issues as in the earlier matter.[2]  *Id.*  In granting the motion to change venue, the court was most persuaded by the fact that judicial resources will be conserved by having the same judge determine the arbitrability issue in the newly-filed case who had done so already in the older matter.  *Id.* at 5.  Moreover, the court determined that this would discourage forum shopping.  *Id.* at 6.

On  the other hand, in *Albertson v. Monumental Life Ins. Co.*, 2009 WL 3870301 (N.D. Cal. Nov. 16, 2009), at issue was whether the decedent's death was caused by accident or by sickness.  *Id*. at 1.  In an earlier-filed case, the Southern District granted partial summary judgment in favor of the insurance company and determined the decedent died of sickness.  *Id*.  As a consequence, the case was settled and dismissed.  *Id.*  By the time Albertson filed the case against Monumental, Albertson lived in the Northern District, though only briefly.  *Id*.  Monumental sought to change venue to the Southern District.  *Id*.  In granting the motion to change venue, the Court found most significant that the judge in the Southern District spent considerable time on the earlier case—having carried it for a year and having decided competing motions for summary judgment.  *Id*. at 3-4. Importantly, the Southern

---

[2] Thus, unlike here, though stayed, in *Wireless*, there was a case pending in the transferor district.

District maintained a Local Rule which determined that this same judge would be assigned the case if it was transferred. *Id.* at 3. Moreover, the Court found that Albertson's motivation in part constituted forum shopping. As a result, despite that the earlier case was no longer pending, the Court granted the motion to transfer venue.

In evaluating these factors, the cases seem to be inapposite for the most part. However, the *Albertson* case is persuasive. Thus, this factor weighs in favor of a change in venue.

### c. Familiarity of the forums with applicable law

Defendants maintain that "the Central District is more familiar with the applicable law." (Doc. 11 at 14) (emphasis omitted). According to Defendants, "While courts in the Eastern and Central districts will be equally familiar with California law generally. . ., Judge Real will be particularly well versed in the legal issues raised by the instant Complaint, having dealt with the identical issues in the *Young* case." *Id.* Plaintiffs contend Judge Real did not address "the cause of action for illegal cell phone recording under § 632.7, so the Central District has no greater familiarity than this Court with the applicable law for cell phone claims." (Doc. 25 at 7).

Notably, in their moving papers, both parties seem to focus upon Judge Real's familiarity with the claims presented in *Young*. Indeed, at the hearing, Defendants' counsel reported there was a Local Rule in the Central District which would assure that this case would be assigned to Judge Real. Though this Court doubted the accuracy of this statement, in fact, this is the case. The Central District of California's Local Rule 83-1.2.2 reads,

> Whenever an action is dismissed by a party or by the Court before judgment and thereafter the same or essentially the same claims, involving the same or essentially the same parties, are alleged in another action, the later-filed action shall be assigned to the judge to whom the first-filed action was assigned. It shall be the duty of every attorney in any such later-filed action to bring those facts to the attention of the Court in the Civil Cover Sheet and by the filing of a Notice of Related Case(s) pursuant to L.R. 83-1.3.

Importantly, this rule envisions that there need not be an existing case pending before the newly-filed case is assigned to the judge who handled the older case. Thus, the parties' belief that Judge Real will be assigned this case, if transferred, is well-founded. On the other hand, this Court is equally familiar with federal and California law as the Central District. Nevertheless, the fact that Judge Real will be assigned this case if transferred, weighs in favor of granting the motion.

          *i.*      <u>Forum shopping</u>

The Court surmises that the motion to change venue is significant to the parties, in truth, *only* because Defendants received a favorable ruling from Judge Real in the *Young* matter. This smacks of "judge shopping." Judge shopping, like forum shopping, may be a factor for the Court to consider when determining whether the motion to change venue should be granted. *Milanes v. Holder*, 264 F.R.D. 1, 6 (D.D.C. 2009) citing *Schmid Laboratories, Inc. v. Hartford Accident and Indem. Co.*, 654 F.Supp. 734, 736 (D.D.C. 1986). Moreover, in light of what the Court finds is an attempt at judge shopping—likely by both parties[3]--this factor is neutral.

          d.      <u>Court congestion in each forum</u>

The Court must consider "the administrative difficulties flowing from court congestion" when considering the interest of justice. *Decker Coal*, 805 F.2d at 843 (citing *Piper* Aircraft, 454 U.S. at 255). As the parties acknowledge, the judges in this Court maintain the busiest dockets in the nation. Citing the *Statistic Tables for the Federal Judiciary*, Defendant notes "the median time interval from a civil filing to disposition was 5.7 months in the Central District of California, and 8.0 months in the Eastern District of California" for the twelve-month period ending June 30, 2011. (Doc. 21 at 9, n. 5). More recent data, for the twelve-month period ending December 31, 2011, indicates the median time interval between filing and disposition is 5.5 months in the Central District and 8.2 months in the Eastern District. United States Courts, "Table C-5: Time Intervals From Filing to Disposition of Civil Cases Terminated, by District and Method of Disposition," available at http://www.uscourts.gov/uscourts/Statistics/StatisticalTablesForTheFederalJudiciary/2011/Dec-11/C05Dec11.pdf (last visited March 8, 2013). Although civil cases move through the Court in a timely manner, recognizing the congestion in this Court, this factor weighs slightly in favor of transfer to the Central District.

**V.      Conclusion and Order**

Based upon the foregoing, the Court finds the convenience of the parties and witnesses does not weigh in favor of a change in venue at this time. However, Defendants have demonstrated the

---

[3] In so finding, however, the Court recognizes the Eastern District of California *is* Plaintiff's home forum so the evidence that Plaintiff attempted forum shopping when filing this case is slimmer. The Court finds the evidence of Defendant's attempt at judge shopping is stronger in light of the Court's analysis of the other factors.

interest of justice favors a transfer to the Central District, most notably based upon the need to conserve judicial resources which transfer of the matter would achieve.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendants' motion for a change of venue is **GRANTED;**
2. The Clerk of the Court is **DIRECTED** to transfer this matter forthwith to the Central District of California.

IT IS SO ORDERED.

Dated:   **March 13, 2013**                     **/s/ Jennifer L. Thurston**
                                                                UNITED STATES MAGISTRATE JUDGE